Gheen, J.
delivered the opinion of the court.
After this cause was at issue, the court, on motion of the defendant pronounced a judgment of discontinuance.
There is no bill of exceptions in the record, and we'can only look to the judgment of the court for information as to the ground of the proceeding. The judgment states that it appeared to the satisfaction of thecou/t from the affidavit of the defendant Beaty, and award, that the parties had submitted the cause to arbitrators without an order of court, who had made an award, therefore, it was ordered that the cause be discontinued. From this judgment the plaintiffs appeal in error to this court.
1st. It does not sufficiently appear from the recitation of the judgment, that the submission was of a character that would operate a discontinuance. It does not follow, that because there was a submission to arbitrators without a rule of court, that the cause was discontinued in court. This court held at the last term, in the case of Mitchell, next friend, &c., vs. Nall, 6 Hump. R., that although a submission may be made by bond without a rule of court, if it be stipulated in the terms of the submission, that, the jurisdiction of the court is to continue, and the award is to be made the judgment of the court, such submission will not work a discontinuance. And such may have been the character of the submission in the present instance, from aught that appears in this record.
2d. But we hold, that the submission to arbitrators should have been pleaded, jpuis darein continuance. The fact of the submission, and the terms of the submission must be shown by proof. The affidavit of a party to the suit, could be no evidence in the cause of any fact upon which the right of the plain *68 tiffs to recover depended; nor would it have been proper to have proved these facts by ex parte affidavits of disinterested persons. There should have been an issue regularly made up by proper pleading, upon which a jury should find the facts.
When the facts constituting the grounds for a discontinuance appear of record, the court, on motion, may pronounce the judgment on those facts; but when the facts exist in pais, they should be pleaded, so that the adverse party may have the privilege of being heard.
Let the judgment be reversed.